IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH SCOTT TOPPING, #202189,** | : |
|    **Plaintiff,** | : |
| vs. | :     CIVIL ACTION 20-0606-TFM-MU |
| **JEFFERSON S. DUNN,** *et al.*, | : |
|    **Defendants.** | : |

## **REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii) or, in the alternative, for failure to comply with the Court's order.

### **I.  Proceedings.**

This action is before the Court on the fourth complaint filed by Plaintiff Topping.  Topping commenced this action in Middle District of Alabama with a barely legible complaint against several Defendants.  (Doc. 1 at 1, PageID.1).  After screening, the action was transferred to this Court.  (Doc. 3, PageID.6; Doc. 4, PageID.9).  Upon receipt of this action's file, the Court advised Topping that he was the only Plaintiff to this action and ordered him to file his claim, that is, only one claim, on this Court's § 1983 complaint form, as his original complaint contained a claim for lack of an electric

typewriter and printer and a claim for excessive force, which violated the joinder limitations of Rule 20(a) of the Federal Rules of Civil Procedure.  (Doc. 6, PageID.3).

Topping filed his first amended complaint on this Court's complaint form, naming several persons as Defendants in the style of the action and raising 11 unrelated claims (Doc. 8 at 3, 5-6, PageID.8, 10-11), which did not comply with Court's prior order and again violated Rule 20(a).  (Doc. 16 at 1-2, PageID.43-44). The Court then advised him how to plead a plausible § 1983 complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure and of the law for pleading a § 1983 claim, an Eighth Amendment claim, and a claim against supervisors.  (*Id.* at 4-5, PageID.46-47). Topping was again advised to bring only one claim when pleading the second amended complaint.  (*Id.* at 5, PageID.47).  Further, Topping was warned that his failure to comply with the pleading directives and to correct the noted deficiencies would result in the dismissal of his action for failure to comply with Court's order and to prosecute this action.  (*Id.* at 6, PageID.48).

Topping filed a brief, unsigned second amended complaint identifying only Commissioner Jefferson Dunn as a Defendant in the style of the action.  (Doc. 17, PageID.48).  Mr. Topping did not use the § 1983 complaint form the Court provided him. (Doc. 16 at 6, PageID.48).  His claim was based on the use of excessive force by the C.E.R.T. Team at Fountain Correctional Facility ("Fountain") on November 11, 2020 that left him with a "busted head," migraine headaches, and pain in his neck.  (Doc. 17, PageID.48).  Due to this incident and another C.E.R.T. Team incident on January 1, 2021, leaving another inmate with a broken leg, Toppin claims he fears for his life.  (*Id.* at 2, PageID.50).

In reviewing the second amended complaint, the Court found that it failed to comply with the Court's order for stating a claim and ordered Topping to file a third amended complaint. (Doc. 18, PageID.52). The Court pointed out to Topping that the main deficiency was his failure to refer to a specific person in the description of his claim. (*Id.*). In the style of the case, Jefferson Dunn was identified as the only Defendant, but there is no information in the description regarding what Dunn did that caused Topping's injury. (*Id.*). Topping was reminded of the chief pleading requirements set out in the Court's prior order. (*Id.* at 2, PageID.53). He was advised that because he did not establish a causal connection between a person and the alleged constitutional violation, the second amended complaint failed to state a claim and was, therefore, due to be dismissed. (*Id.*). The Court advised him that it had warned him that if his second amend complaint did not comply with the Court's pleading directives, it would be dismissed for failure to comply with Court's order. (*Id.*).

Considering the nature of Topping's claim, the Court nonetheless granted him the opportunity to file a third amended complaint on the Court's § 1983 complaint form, instead of recommending dismissal, and ordered him to follow the pleading directives in its order and its prior order of June 23, 2021, of which another copy was sent to him (Doc. 16, PageID.43). (Doc. 18, PageID.52). Topping was warned that his failure to timely file a complying third amended complaint would result in his action's dismissal. (*Id.*).

Topping's third amended complaint names Jefferson Dunn as the sole Defendant in the style of the case. (Doc. 19, PageID.55; *see* Doc. 8 at 8, PageID.13, identifying Dunn as the Prison Commissioner). No defendants were listed in Section III of the

3

complaint form, where the form directs individual defendants are to be identified and specific claims against a defendant with supporting facts are to be stated. (*Id.* at 5, PageID.59). In the form's space for providing a general description of the claim, Topping describes his claim as follows:

> On the 11th of November 2020 I Joseph Topping was presently coming out of the Bathroom of G.K. Fountain Correctional Facility when John Doe (C.E.R.T. Officer) assaulted me by ramming my head into the side of the Bathroom entrance causing me to have neck injuries, back injuries, as well as migraine headaches that I suffer from at this present time. I Joseph Topping file this claim with pain that needs to be corrected by DOC, as well as, the Powers that be behind the state institutions of Alabama.

(*Id.* at 4, PageID.58). Topping states that he sent a complaint to the Warden and Commissioner, but nothing was done because "DOC works together." (*Id.*). For relief, Topping seeks his release and $2 million. (*Id.* at 7, PageID.61).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Topping is proceeding *in forma pauperis*, the Court is reviewing his third amended complaint (Doc. 19, PageID.55) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). And, under 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint may be dismissed for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.

The Court gives a *pro se* litigant's allegations a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), *cert. denied*, 574 U.S. 1047 (2014). Furthermore, factual allegations are treated by the court as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### III.  Analysis.

In the third amended complaint, the only named Defendant is Jefferson Dunn, the Commissioner of the Alabama Department of Corrections ("ADOC"). (Doc. 19, PageID.55). However, no reference is made to Dunn in Topping's description of his

5

claims. (*Id.* at 4, PageID.58). Previously, in the Court's June 23, 2021 order, Topping was informed that a supervisory official could not held liable for a subordinate's unconstitutional acts based on a theory of *respondeat superior* or vicarious liability. (Doc. 16 at 4, PageID.46). He was also informed how to plead a claim against a supervisor. (*Id.* at 4-5, PageID.46-47). Topping did not attempt to plead a claim against Dunn in his description of his claims. There are no allegations to show a causal connection between Dunn and the cause for Topping's injuries. Therefore, Topping's allegations lead the Court to conclude that his claim against Dunn is based on the theory that Dunn is liable for a subordinate's unconstitutional conduct toward him. As previously explained, this basis for liability is not recognized under § 1983. *See Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Therefore, Topping has failed to state a § 1983 claim against Dunn.

Furthermore, Topping indicates that he sent a complaint to the Warden and the Commissioner, but nothing was done. (*Id.* at 4, PageID.58). This allegation is not concerned with the cause of his injuries. Rather, he is stating that he filed a grievance with Dunn over the incident and his injuries, but no action was taken. However, "a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner,* 237 F. App'x 435, 437 (11th Cir. 2007) (affirming the § 1915A dismissal of a grievance claim because "[w]e agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure")[1]; *Mann v. Adams*, 855 F.2d 639, 640

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

(9th Cir.) ("There is no legitimate claim of entitlement to a grievance procedure"), *cert. denied*, 488 U.S. 898 (1988).  Thus, an inmate's failure to receive a response to a grievance does not provide a basis for relief.  *Grant v. Lucas*, No. 2:09-CV-963-TMH-TFM, 2009 WL 3857441, at *3 (M.D. Ala. 2009) (dismissing the claim as frivolous) (citing *Brown v. G. P. Dodson*, 863 F. Supp. 284, 285 (W.D. Va. 1994)).  Having given Topping's statement a liberal construction, the Court finds that his grievance claim lacks legal merit and is therefore frivolous.

Regarding Topping's reference to John Doe in his description of his claim as the person who assaulted him, fictitious party practice is not allowed in federal court by the Federal Rules of Civil Procedure.  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the dismissal of John Doe guard pursuant to the general rule that fictitious party practice is not permitted in federal court as the complaint contained no descriptive information to satisfy the exception).  The exception provides that when the allegations sufficiently describe a defendant who can only be one person, such as the chief jailer who oversaw the jail, then the Court will attempt to serve the fictitious party.  *Smith v. Comcast Corp.*, 786 F. App'x 935, 940 (11th Cir. 2019); *Dean v. Barber*, 951 F.2d 1210, 1215-1216 (11th Cir. 1992).  But here, John Doe is one of several officers on the C.E.R.T. Team so the exception does not apply.  Consequently, a claim is not stated against the fictitious party, John Doe.

Furthermore, the third amended complaint's request for relief contains a request for release.  This form of relief, however, is not available in a § 1983 action.  *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (the longstanding rule of law holds that release from incarceration cannot be gained in §

1983 action). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994). Thus, this request for release in this § 1983 action is inappropriate and is frivolous as a matter of law.

For the reasons set out above, Topping's action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii).

An alternate basis for dismissal is Topping's failure to comply with the Court's order. Plaintiff was warned that failure to comply with the Court's order would result in the dismissal of this action. (Doc. 18 at 2, PageID.53; *see also* Doc. 16 at 5-6, PageID.47-48). Courts are vested with the inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). The court's authority to dismiss an action *sua sponte* for lack of prosecution is considered an inherent power of the court. *Id.* at 630, 82 S.Ct. at 1389. In addition, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." *Saint Vil v. Premier Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Gratton v. Great Am. Commc'n*, 178 F.3d 1374, 1374 (11th Cir. 1999) (internal quotation marks omitted)). *Accord Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding the two sources of a court's authority to dismiss an action *sua sponte* are its inherent powers and Rule 41(b) of the Federal Rules of Civil Procedure). Thus, "the court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle*

*Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.,* 556 F.3d 1232, 1240 (11th Cir. 2009); *see Rodriguez v. Lawson,* 848 F. App'x 412, 413 (11th Cir. 2021) (affirmed the district court's *sua sponte* dismissal for plaintiff's failure to file an amended complaint within the court's page limit and one that complied with Fed.R.Civ.P. 8's short and plain statement requirement as directed after being forewarned); *Arnold v. City of Columbus, Ga.,* 438 F. App'x 892, 893 (11th Cir. 2011) (affirmed the dismissal of the *pro se* plaintiff's complaint for failure to comply with the court's order to replead the complaint in accordance with its directives, thereby curing the deficiencies in the original complaint), *cert. denied*, 565 U.S. 1199 (2012); *Tanner v. Neal*, 232 F. App'x 924, 924 (11th Cir. 2007) (affirmed the district court's *sua sponte* dismissal without prejudice for the plaintiff's failure to follow the court's instruction for amending her complaint to comply with Rule 8(a)(2) and to connect each wrong with an identifiable defendant after she had been forewarned); *Sparklin v. Tucker*, 2014 WL 6882766, at *3 (N.D. Fla. 2014) (citing cases that were dismissed for failure to comply with Fed.R.Civ.P. 8(a) and the court's order).

      Due to Topping's failure to comply with the Court's order and to prosecute this action, it is alternatively recommended that this action be dismissed without prejudice. *Moon,* 863 F.2d at 837 (dismissal for disregarding an order after a litigant has been forewarned is generally not an abuse of discretion), *cert. denied*, 493 U.S. 863 (1989); *see Rodriguez,* 848 F. App'x at 413 (finding no abuse of discretion for dismissing without prejudice).

### IV. Conclusion.

Based upon the foregoing reasons, and Topping having been afforded more than one opportunity to amend his complaint[2], it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-ii) or, in the alternative, for failure to comply with the Court's order.[3]

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an

---

[2] In most circumstances, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (holding that the *Bank* rule does not apply to counseled plaintiffs).

[3] Considering the excessive force incident occurred on November 11, 2020, Topping has ample time to re-file a § 1983 action if he elects to do so.  *Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (the statute of limitations for a § 1983 action filed in Alabama is two years), *cert. denied*, 506 U.S. 917 (1992).

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 19th day of October, 2021.

**s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**
